UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILE NO. 3:23-cv-00246

| | |
|---|---|
| CHANDLER CRAIG : | |
|    Plaintiff, : | |
| : | |
| : | |
| : | **COMPLAINT** |
| GARRY McFADDEN, in his Official : | (Jury Trial Requested) |
| capacity as Sheriff of Mecklenburg County : | |
| PLATTE RIVER INSURANCE : | |
| COMPANY, JOHN DOE CORPORATION,: | |
| : | |
|    Defendants. : | |
| : | |

COMES NOW the Plaintiff, CHANDLER CRAIG (hereinafter "Plaintiff"), by and through her undersigned attorney, hereby files this Complaint for damages and other legal and equitable relief from Defendant, GARRY McFADDEN, in his Official capacity as Sheriff of Mecklenburg County, PLATTE RIVER INSURANCE COMPANY, and JOHN DOE CORPORATION for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*

### NATURE OF THE CASE

1. This is an action brought by Plaintiff seeking damages from Defendant for acts of discrimination. Defendant's acts of discrimination are in violation of Title VII and any other causes of action that can be inferred from the facts set forth herein.

2. Plaintiff was employed by Defendant at 801 E. 4th Street, Charlotte, NC 28202. Throughout Plaintiff's employment with Defendant, Plaintiff was subjected to

discrimination and retaliation, which ultimately led to her termination in violation of Title VII and other applicable statutes.

## JURISDICTION & VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq.,* as amended, and (iii) 42 U.S.C. §§ 1981 *et seq.,* as amended.

4. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), (c), and (d), in that Mecklenberg County Sheriff's Office maintains offices and conducts business in this district.

## PARTIES

5. The Plaintiff is a female person who has been aggrieved by Defendant's actions. She is, and has been, at all relevant times, a resident of North Carolina.

6. At all relevant times, Plaintiff was a female employee of the Mecklenberg County Sheriff's Office and therefore covered by Title VII.

7. Upon information and belief, Defendant Garry McFadden (hereinafter "Defendant") is a male resident of Mecklenberg County, North Carolina, USA, is and was the Sheriff of Mecklenberg County, and was acting within the scope of his employment and under color of law at all times pertinent to the incidents complained of herein. Moreover, Defendant

was the duly elected and inducted Sheriff of Mecklenburg County; in control of the Mecklenburg County Sheriff's Office and Detention Center; the final decision making authority over law enforcement policies and personnel of his office; directly responsible for the appointment, retention, training, supervision and conduct of his deputies, employees, and agents; acting in the course and scope of his official duties as Sheriff of Mecklenburg County and under color of state law; and vicariously liable for the actions of his agents, employees, officers, managers, supervisors, jailers and/or deputies.

8. Defendant's registered address is 801 E. 4th Street, Charlotte, NC 28202. Upon information and belief, Defendant employs over three hundred (300) persons.

9. During all relevant times, Defendant has been an employer covered by Title VII.

10. Defendant transacted and continues to transact business in North Carolina by, among other things, employing persons at 801 E. 4th Street, Charlotte, NC 28202 located within North Carolina and within this judicial district.

11. Upon information and belief, at all times herein mentioned, Defendant Platte River Insurance Company was the surety on the official bond of the Defendant Sheriff, Garry McFadden, which was in full force and effect at said time. Defendant Platte River Insurance Company is authorized to do business in North Carolina.

12. Defendant John Doe Corporation is a fictitious name for the Surety on the official bond of Defendant McFadden as Sheriff of Mecklenburg County pursuant to N.C. Gen. Stat. § 162-8 and § 58-76-5, whose identity is presently unknown to Plaintiff. The true name of the corporation will be substituted for the fictitious name once the corporation's identity is learned. Upon information and belief, at all times mentioned, the above noted bond, by

operation of law, covered the acts and omissions of Defendant Sheriff in his official capacity.

13. Upon information and belief, at all times mentioned, the above noted bonds, by operation of law, covered the acts and omissions of Defendant Sheriff in his Official capacity as Sheriff of Mecklenburg County.

14. At all times mentioned Defendant waived immunity to the extent to which they are covered by liability insurance provided by Mecklenburg County, Sheriff's bond, and/or participation in a local government risk pool.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

15. Plaintiff, who has herein alleged claims pursuant to Title VII, has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

16. On January 27, 2023, Plaintiff received her Notice of Right to Sue from the EEOC.

## STATEMENT OF FACTS

17. Plaintiff was employed as a Corporal for the Mecklenburg County Sheriff's Office (hereinafter the "Sheriff's Office"), located at 801 E. 4th Street, Charlotte, NC 28202, from December 6, 2015, to September 21, 2021.

18. At all relevant times, Plaintiff was often tasked with the duties of "Acting Sergeant" on shifts where her skill and expertise were needed.

19. Upon information and belief, at all relevant times, Defendant employed a male Certified Sergeant named Miriam Thompson (hereinafter "Sergeant Thompson").

20. Upon information and belief, at all relevant times, Defendant employed a male Certified Sergeant named Derrick Snyder (hereinafter "Sergeant Snyder").

21. Upon information and belief, at all relevant times, Defendant employed a male Certified Sergeant named Joseph Chisolm (hereinafter "Sergeant Chisolm").

22. Upon information and belief, at all relevant times, Defendant employed a male Corporal named Devonte Peterson (hereinafter "Corporal Peterson")

23. Upon information and belief, Defendant was employed as elected Sheriff of the Mecklenberg County Sheriff's Office.

24. Upon information and belief, Defendant was the most-senior official at the Mecklenberg County Sheriff Office with regards to personnel.

25. Defendant was responsible for Defendant's day-to-day operations at the Mecklenberg County Sheriff's Office.

26. Defendant had the authority to hire employees to work for Defendant at the Mecklenburg County Sheriff's Office.

27. Defendant had the authority to terminate Defendant employees who worked at the Mecklenburg County Sheriff's Office.

28. Defendant had the authority to discipline Defendant employees who worked at the Mecklenburg County Sheriff's Office.

29. Defendant, at all times relevant herein was acting within the course and scope of his employments, and as an agent/employee of the Mecklenberg County Sheriff's Office.

30. Upon information and belief, Defendant has refused to discipline numerous male employees who were involved in physical altercations with inmates. Particularly, male employees that were involved in physical altercations with inmates that were very aggressive, severe, pervasive, and violent toward inmates as to be described herein.

31. Upon information and belief, Defendant has refused to discipline several male employees who were involved in violent altercations with inmates.

32. Upon information and belief, Defendant has refused to terminate several male employees who were involved in physical altercations with inmates as described in Paragraph 30.

33. Upon information and belief, Corporal Peterson hit and struck an inmate approximately 86 times, which caused this inmate to be hospitalized.

34. Upon information and belief, Defendant failed to discipline Corporal Peterson for this event.

35. Upon information and belief, Defendant did not solicit media coverage for this incident.

36. Upon information and belief, Corporal Peterson was not terminated for the event described in Paragraph 33 and is still employed with the Mecklenburg County Sheriff's Office.

37. Upon information and belief, Sergeant Snyder was involved in a physical altercation with an inmate.

38. Upon information and belief, Sergeant Snyder injured an inmate during a physical altercation.

39. Upon information and belief, Sergeant Snyder was investigated for two weeks.

40. Upon information and belief, Defendant did not terminate Sergeant Snyder.

41. Upon information and belief, Plaintiff made several complaints about inconsistent treatment between male and female employees throughout the course of her employment.

42. Upon information and belief, Plaintiff made several complaints about severe disciplinary actions that female employees were subjected to in comparison to their male counterparts.

Said complaints were made to Defendant and/or Defendant's employees that were within the requisite chain of command.

43. On September 13, 2021, Plaintiff was tasked with the duties of Acting Sergeant.

44. On September 13, 2021, Plaintiff was involved in a verbal exchange with an inmate, after Plaintiff asked an inmate to return to his cell.

45. Upon information and belief, the inmate refused to return to his cell and began yelling expletive language to Plaintiff, at which point Plaintiff handcuffed him and attempted to escort him to his cell.

46. Upon information and belief, the inmate jerked his arm back and slammed his shoulder into Plaintiff's right shoulder and began to yell at Plaintiff.

47. Upon information and belief, the inmate threatened to spit in Plaintiff's face.

48. Plaintiff was placed in physical danger during this altercation and was forced to defend herself. Plaintiff's actions herein were in accordance with the training she received from Defendant and Defendant's agents.

49. Upon information and belief, Sergeant Thompson was present during the event and refused to intervene and/or aid Plaintiff.

50. Upon information and belief, Sergeant Thompson received numerous prior complaints to internal affairs from other officers for conduct unbecoming of an officer.

51. Upon information and belief, the inmate referenced in Paragraphs 44 through 48 did not suffer any physical injury stemming from this event.

52. Upon information and belief, Defendant has demanded that employees fabricate reports to unlawfully terminate certain employees.

53. Upon information and belief, Defendant has demanded that employees fabricate reports to protect certain male employees.

54. Upon information and belief, Defendant has been publicly confronted about allegations of demanding that employees fabricate reports at his instruction.

55. Upon information and belief, Sergeant Chisolm fabricated an incident report detailing the incident described in Paragraphs 44 through 48 despite not being present for the incident.

56. Upon information and belief, Sergeant Chisolm fabricated this report at the direction of Defendant.

57. Upon information and belief, Sergeant Chisolm fabricated this report in protection of Sergeant Thompson.

58. Upon information and belief, Plaintiff was not given an opportunity to view or provide details to the report before it was submitted.

59. Upon information and belief, Plaintiff was not given an opportunity to participate in any investigation.

60. Upon information and belief, Defendant did not conduct an investigation into this matter.

61. On or about September 21, 2021, Plaintiff was terminated due to the incident described in Paragraphs 44 through 48.

62. Upon information and belief, Defendant disseminated to nearly 40 media outlets inaccurate information regarding the incident described in Paragraphs 44 through 48. This act was done in further retaliation against Plaintiff.

63. Upon information and belief, Defendant has not publicized altercations between Defendant's employee's and inmates that pertain to similarly situated male employees.

**COUNT I**
**Violation of Title VII, 42 U.S.C. § 2000e et seq. (Gender Discrimination)**

64. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

65. Upon information and belief, as set forth above, there is a widespread belief among members of Defendant's Office that any action deemed undesirable by female employees will result in targeting and retaliatory discipline.

66. Defendant subjected Plaintiff to gender discrimination by terminating her from her employment after a minor altercation with an inmate as described in paragraphs 44 through 48.

67. Defendant further subjected Plaintiff to gender discrimination and retaliation when he maliciously contacted multiple media outlets to outcast Plaintiff after her wrongful termination.

68. Upon information and belief, as set forth above, multiple male employees of Defendant's have been involved in numerous incidents of violence against inmates that have resulted in inmate injury, however, have not been terminated for these acts of violence.

69. Upon information and belief, as set forth above, multiple male employees of Defendant's have been involved in multiple incidents of violence against inmates that have resulted in inmate injury, however, have not been placed in the media for their similar or worse actions.

70. Upon information and belief, as set forth above, Defendant has a history of disparate treatment between male and female employees. Particularly, female employees have been treated far worse than male employees when facing same or similar allegations of wrongdoing in the workplace.

71. Upon information and belief, as set forth above, Defendant and his Office selectively and severely enforced its discipline against Plaintiff because she is female.

72. Upon information and belief, as set forth above, Defendant's Office has outcasted Plaintiff due to her gender.

73. Upon information and belief, as set forth above, Defendant's Office failed to conduct a fair and impartial investigation on Plaintiff due to a pretextual bias.

74. Upon information and belief, no male employees have been terminated for an incident as minor as Plaintiff's incident.

75. Upon information and belief, Plaintiff has suffered disparate treatment due to her gender.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
*(Retaliation)*

76. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

77. Upon information and belief, Plaintiff made several complaints about severe disciplinary actions that female employees were subjected to in comparison to their male counterparts.

78. Defendant retaliated against Plaintiff by terminating her from her employment after a minor altercation with an inmate as described in Paragraphs 44 through 48.

79. Upon information and belief, as set forth above, Defendant's Office targeted Plaintiff for retaliatory discipline because she was female and because she had complained about disparate treatment between male and female employees.

80. As a result of this gender-selective and targeted retaliation, Plaintiff was ultimately terminated because of her gender.

81. Defendant's conduct, as described above, was without justification or excuse; is reprehensible; and occurred despite Plaintiff's complaints to prevent, halt, and reverse the discrimination and retaliation.

82. Upon information and belief, no other employees have been terminated for an altercation as minor as Plaintiff's altercation.

83. Upon information and belief, no other male employees have been terminated for an altercation as minor as Plaintiff's altercation.

84. The conduct alleged herein violates Section 704 of Title VII of the Civil Rights Act of 1964, amended, 42 U.S.C §§ 2000e *et seq*.

85. The unlawful employment practices complained of above were intentional.

86. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

87. Plaintiff's requests for relief are set forth below.

## DAMAGES

88. As a result of the aforementioned conduct, Plaintiff has sustained permanent injury to her reputation; economic injuries; emotional and mental injuries; violation of her integrity; loss of valuable time; embarrassment, humiliation, compensatory damages; punitive damages; and all other injuries set forth above.

WHEREFORE, Plaintiff, Chandler Craig, respectfully requests prays:

1. That the Court empanel a jury to hear their cause;

2. A judgment declaring that the practices complained of herein are unlawful and in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*;

3. All damages which Plaintiff has sustained because of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits he would have received but for Defendant's retaliatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

4. Exemplary and punitive damages in an amount commensurate with Defendant's ability and to deter future malicious, reckless, and/or intentional conduct;

5. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

6. Pre-judgment and post-judgment interest, as provided by law;

7. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

8. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

9. Training regarding the prohibition against retaliation for engaging in protected activity for all of Defendant's supervisors.

10. Training regarding the prohibition against discrimination for engaging in protected activity for all of Defendant's supervisors.

11. Training of all employees regarding retaliation, including the reporting procedures for reporting such retaliation, conducted by reputable outside vendors.

12. Supervisory discipline up to and including termination for any employee who engages in discrimination based upon sex, including any employee who engages in retaliatory practices.

13. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief; and

14. Plaintiff further demands that he be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

This the 26th day of April, 2023.

/s/M. Anthony Burts II
M. Anthony Burts II
Attorney for Plaintiff
N.C. State Bar No.: 49878
2520 Sardis Road North, Suite 234
Charlotte, NC 28227
Telephone: (704) 751-0455
Email: anthony@burtslaw.com