UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00246-FDW-SCR

| | |
|---|---|
| CHANDLER CRAIG, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| PLATTE RIVER INSURANCE COMPANY AND GARRY MCFADDEN, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment, (Doc. No. 21). This matter has been fully briefed, (Doc. Nos. 22, 23, 29, 30, 31), and is ripe for ruling. For the reasons set forth below, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when, viewing all facts and reasonable inferences in the light most favorable to the non-moving party, a court finds that a reasonable jury could return a verdict in that party's favor. Dulaney v. Packaging Corp. of Am., 673 F.3d 323, 330 (4th Cir. 2012).

"Title VII forbids (i) employment practices that discriminate against an employee on the basis of race, color, religion, sex, or national origin . . . and (ii) retaliation against an employee for opposing adverse actions that [she] reasonably suspects to be unlawful under Title VII." Strothers v. City of Laurel, 895 F.3d 317, 326-27 (4th Cir. 2018) (citing 42 U.S.C. § 2000e-2; 42 U.S.C. § 2000e-3; Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 62–64 (2006); Boyer-Liberto

1

v. Fontainebleau Corp., 786 F.3d 264, 276-77, 281 (4th Cir. 2015)). In order to succeed on these claims, the standard of proof is well-settled:

> A plaintiff may prove that an employer took action with discriminatory or retaliatory intent through direct evidence or through the burden-shifting framework of McDonnell Douglas Corp. v. Green. Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 249 (4th Cir. 2015) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). Under the burden-shifting framework, the plaintiff must first establish a prima facie case of retaliation by showing: "(1) she engaged in a protected activity; (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the asserted adverse action." See Ziskie v. Mineta, 547 F.3d 220, 229 (4th Cir. 2008) (citing Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007)). After the prima facie showing is made, "the burden then shifts to the employer to show that its purportedly retaliatory action was in fact the result of a legitimate non-retaliatory reason." Foster, 787 F.3d at 250. "If the employer makes this showing, the burden shifts back to the plaintiff to rebut the employer's evidence by demonstrating that the employer's purported nonretaliatory reasons were not its true reasons, but were a pretext for discrimination." Id. (internal quotation marks and citation omitted).

Strothers v. City of Laurel, Maryland, 895 F.3d 317, 327–28 (4th Cir. 2018) (cleaned up).

In seeking summary judgment, Defendant Platte River Insurance Company contends it is not a proper party and also argues that neither allegations nor evidence support any basis for liability. In opposing the instant motion, Plaintiff's response makes *no* mention of Platte River whatsoever and fails to assert any argument, provide any authority, or cite to any evidence to assert or support liability in this case. It appears Plaintiff has abandoned her claims against Platte River. See Ferdinand–Davenport v. Children's Guild, 742 F.Supp.2d 772, 777 (D. Md.2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."); Kinetic Concepts, Inc. v. Convatec Inc., 2010 WL 1667285 at *8 (M.D.N.C. 2010) (unpublished) (collecting cases). Additionally, and to the extent claims against this Defendant are not abandoned, summary judgment is appropriate because Plaintiff fails to present *any* evidence tending to show a dispute of fact as to Platte River's liability—or lack thereof—for her Title VII claims.

Turning to Plaintiff's claims against Sherriff McFadden, the Court finds that a genuine issue of material fact exists as to Plaintiff's sex discrimination claim but not her retaliation claim. The record in this case presents genuine disputes of material facts, particularly as it relates to whether male employees were treated differently than Plaintiff for similar misconduct. For example, and without limitation, the Court highlights the disputed evidence as to whether certain individuals qualify as qualify as comparators and the disputed evidence as to whether misconduct by those purported male comparators received more favorable treatment than Plaintiff. Viewing the evidence in the light most favorable to Plaintiff, there are disputed questions of material facts that are appropriate for resolution by a jury. Accordingly, summary judgment is not appropriate.

On the other hand, Plaintiff has failed to present *any* evidence to set forth a prima facie case of retaliation. Similar to her failure to make any argument regarding Platte River, Plaintiff's opposition brief indicates she has abandoned her retaliation claim because she fails to direct the Court to any evidence, argument, or legal authority support this claim. Even if not abandoned, there is insufficient evidence to support the requisite elements of retaliation. In order to prevail on this claim, Plaintiff must show she engaged in protected activity, which includes opposition to employment actions unlawful under Title VII, as well as employment actions a plaintiff reasonably believes to be unlawful. Boyer-Liberto, 786 F.3d at 282. Nothing in the record before the Court suggests Plaintiff engaged in any protected activity prior to her termination, and summary judgment is therefore appropriate.

In light of the Court's ruling denying summary judgment on Plaintiff's sex discrimination claim against Sherriff McFadden, this case shall proceed to trial as scheduled with docket call on September 9, 2024. The parties shall submit jointly-prepared pretrial submissions in accordance with the Case Management Order no later than August 1, 2024. Motions in limine shall be filed

no later than August 9, 2024, and responses thereto shall be filed no later than August 16, 2024. The parties should also TAKE NOTICE that a pretrial conference shall take place immediately following docket call on September 9, 2024.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment, (Doc. No. 21), is GRANTED IN PART as to Platte River Insurance Company and as to Plaintiff's claim for retaliation against Sherriff McFadden and DENIED IN PART as to Plaintiff's discrimination claim against Sherriff McFadden.

**IT IS FURTHER ORDERED** that the parties shall file pretrial submissions and motions in limine as directed herein, and the parties shall appear at docket call on September 9, 2024, with a pretrial conference to immediately follow.

**IT IS SO ORDERED.**

Signed: May 15, 2024

Frank D. Whitney
United States District Judge